IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

GENE E. MEULI,

        Plaintiff,

vs.                           **Case No. 11-1044-RDR**

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff, <u>pro se</u>, filed this action listing the Commissioner of the Internal Revenue Service as defendant. Since he filed this case, plaintiff has been permitted to amend the complaint to list the United States as the proper defendant. This case is before the court upon the motion to dismiss of the United States. The government has filed its motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1),(5) and (6).

I. <u>Allegations in the amended complaint</u>

In his amended complaint, plaintiff alleges that:

"[C]ertain employees of the IRS did unlawfully levy against my Social Security [b]enefits by falsely alleging that my 2002 Form 1040 [f]ederal [i]ncome tax return was frivolous."

"The IRS violated my [c]onstitutional [r]ight under Art. 1, Section 9, Clause 4."

"The IRS made a false assessment of my tax liability for 2002."

"The IRS made no assessment in writing for a penalty under sec. 6751."

Doc. No. 20, pp. 3-4. These are essentially the same allegations as in the original complaint. In response to the United States' motion to dismiss, plaintiff clarifies that he is contesting a March 10, 2010 letter in which the IRS assessed a $5,000.00 penalty against plaintiff for allegedly filing a frivolous 2002 tax return. Doc. No. 9 at p. 3.

In the original complaint, plaintiff asked that the court "order the IRS to release the . . . levy on my Social Security [b]enefits and return all property taken by the IRS . . ." In his amended complaint, plaintiff asks for relief as stated under 26 U.S.C. § 7433. Doc. No. 20 at p. 4.

II. Pro se standards

A pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If plaintiff's pleadings can be reasonably read to state a valid claim on which they could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. Id. But, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III. Motion to dismiss standards

In this order the court shall address the government's

arguments for dismissal pursuant to FED.R.CIV.P. 12(b)(1) and FED.R.CIV.P. 12(b)(6).[1]

Regarding motions alleging a lack of jurisdiction under Rule 12(b)(1), it is well-settled that plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the case should not be dismissed. U.S. ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 797 (10th Cir. 2002). Plaintiff must sustain the burden of alleging facts which show jurisdiction and supporting those facts with competent proof. Id. at 797-98. "'Mere conclusory allegations of jurisdiction are not enough.'" Id. at 798 (quoting United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999)). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[A]llegations of conclusions or opinions are not sufficient when no facts are

---

[1] The government has withdrawn any argument for dismissal under FED.R.CIV.P. 12(b)(5). Doc. No. 14 at p. 1 n.1.

alleged by way of the statement of the claim." Bryan v. Stillwater Board of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977).

The court has the authority to raise issues regarding the failure to state a claim, whether or not those issues are asserted in the motions to dismiss. See Whitney, 113 F.3d at 1173.

IV. Jurisdiction/Sovereign immunity

The United States contends in this case that it has not consented to be sued under the statutes alleged by plaintiff and that plaintiff cannot find or prove an explicit waiver of sovereign immunity. This case must be dismissed for lack of jurisdiction if the government prevails in this argument.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id., (quoting U.S. v. Sherwood, 312 U.S. 584, 586 (1941). As the Tenth Circuit explained in Fostvedt v. United States, 978 F.2d 1201 (10th Cir. 1992) cert. denied, 507 U.S. 988 (1993), plaintiff must establish an explicit waiver of sovereign immunity in order to sue the United States:

> The United States may not be sued without its consent. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established that the United States, as sovereign, is immune from suit save as it consents to be

> sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed. . . .
>
> The burden is on the taxpayer to find and prove an explicit waiver of sovereign immunity.

Id. at 1202-03 (internal quotations and citations omitted).

In his amended complaint, plaintiff has cited the following statutes to support plaintiff's claim of jurisdiction in this case: 28 U.S.C. §§ 1331 and 1343; and 26 U.S.C. §§ 408(d)(3), 3401, 6201, 6203, 6331(a), 6702, 6751(b)(1), 7433, 7491 and 7701(a). He also makes reference to the Constitution. For its part, the United States discusses but asks the court to reject 26 U.S.C. § 7422 as an applicable waiver of sovereign immunity in this case.

Upon the current record on file, the court finds that there is no explicit waiver of sovereign immunity which applies to plaintiff's action.

    A.  <u>Internal Revenue Code sections</u>

        1.  <u>Section 7433</u>

Section 7433 of the Internal Revenue Code has been considered an explicit waiver of sovereign immunity. However, the waiver is conditioned upon the exhaustion of administrative procedures. Section 7433 states in part:

> (a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages

5

> against the United States in a district court of the United States.
> ....
> (d)(1) A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

This section of the IRS Code does not give this court jurisdiction to consider plaintiff's challenge against the assessed penalty for two reasons. First, plaintiff does not allege that he filed an administrative claim for damages as required to state a claim under § 7433(d)(1). Exhaustion of administrative remedies is required to bring a claim for damages under the statute. Rae v. U.S., 530 F.Supp.2d 127, 130-31 (D.D.C. 2008); Brooks v. Snow, 313 F.Supp.2d 654, 661-62 (S.D.Tex. 2004). Second, § 7433 is "not a remedy for taxpayers alleging impropriety or errors in the tax assessment process." Addington v. U.S., 75 F.Supp.2d 520, 523 (S.D.W.Va. 1999). "Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court . . . or a refund action in the district court." Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992) (statutory citations omitted). Plaintiff appears to be challenging the validity of the penalty assessed against him by the IRS, not the manner of collecting the penalty. His arguments assert that he had no tax liability and the penalty was unjustifiable. Section 7433 does not provide jurisdiction in this court for such claims. Dockery v. U.S. Dept. of Treasury, 593 F.Supp.2d 258, 260-61

(D.D.C. 2009).

    2. Section 7422

As noted earlier, the government acknowledges that 26 U.S.C. § 7422(a) is an explicit waiver of sovereign immunity. Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any . . . penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until the claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

According to the government, the court cannot exercise jurisdiction pursuant to this statute because, although plaintiff is making a claim for a refund, he has not filed an administrative claim for a refund with the IRS prior to filing his complaint in this court.

The government further cites Mires v. U.S., 466 F.3d 1208, 1211 (10th Cir. 2006) where the court concluded:

> Two prerequisites must be met before a district court has subject matter jurisdiction under § 1346(a)(1). First, a plaintiff must have fully paid the challenged tax assessment. . . . Second, a plaintiff must have filed a valid refund claim with the IRS, and the IRS must have denied the claim or six months must have passed since the claim was filed with no IRS response. 26 U.S.C. §§ 6532(a)(1), 7422(a).

The prior administrative claim requirement has been applied to dismiss actions against the assessment of IRS penalties in Reiss v. U.S., 983 F.2d 899, 901 (8th Cir. 1993) and Burton v. U.S., 585 F.Supp. 953, 955 (N.D.Tex. 1984).

7

The government has supplied an affidavit stating that plaintiff has not filed an administrative claim for refund. Doc. No. 7, Declaration of Melba A. Tyson at ¶ 7. Although plaintiff has stated that he has tried to resolve his dispute regarding his tax liability with the Internal Revenue Service, he has not specifically disputed the declaration of Ms. Tyson in his response and surreplies to the motion to dismiss.[2]

### 3. Other Internal Revenue Code sections

The court has examined the language in 26 U.S.C. §§ 408(d)(3), 3401, 6201, 6203, 6331(a), 6702, 6751(b)(1), 7491 and 7701(a)(26). There is no explicit waiver of sovereign immunity communicated in these statutory sections.

### B. General jurisdiction statutes

The Tenth Circuit has held that sovereign immunity is not waived by a general jurisdictional statute such as 28 U.S.C. §

---

[2] Plaintiff did send a letter to the IRS on April 17, 2010 which makes a variety of assertions, including: that plaintiff has no tax liability; that plaintiff did not file a frivolous 2002 tax return; that the IRS has not proven plaintiff is liable for a penalty under the IRS Code; and that the IRS has committed criminal extortion and criminal threats in violation of United States criminal statutes. Doc. No. 7, Exhibit 7. The word "refund" is never mentioned in the letter. The court does not consider this a formal or informal refund claim. See Simon v. Doe, 463 F.Supp.2d 466, 470 (S.D.N.Y. 2006)(letter which requests an abatement of penalties which had not been paid and which does not request a refund, does not count as a formal or informal refund claim for the purposes of § 7422(a)); see also, Martin v. U.S., 833 F.2d 655, 660-62 (7th Cir. 1987); Ambase Corp. v. U.S., 2010 WL 2500306 at *8 (D.Conn. 6/15/2010); Midwest Crane and Rigging, Inc. v. U.S., 2010 WL 4968274 at *3 (D.Kan. 8/6/2010).

1331. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Lonsdale v. U.S., 919 F.2d 1440, 1444 (10th Cir. 1990). This holding applies as well to 28 U.S.C. § 1343 which generally covers actions taken under state law or conspiracies by private persons which violate civil rights, not to actions taken by IRS officials pursuant to federal law. See Salazar v. Heckler, 787 F.2d 527, 528-29 (10th Cir. 1986) (§ 1343(a)(4) is not a waiver of sovereign immunity); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972)(same); Smith v. Krieger, 643 F.Supp.2d 1274, 1291 (D.Colo. 2009)(same); Garcia v. United States, 538 F.Supp. 814, 816 (S.D.Tex. 1982) (a damages claim under § 1343(a)(3) may not be brought against federal officials in their official capacity); Black v. U.S., 388 F.Supp. 805, 808 (E.D.N.Y. 1975)(§ 1343 does not waive immunity from suit upon a claim that IRS agents used illegal tactics to drive a tax preparer out of business).

    C.  The Constitution

As mentioned, plaintiff also makes reference to the Constitution in his recitation of jurisdiction authorities. However, "[t]he Constitution itself does not contain a waiver of sovereign immunity." Merida Delgado, 428 F.3d at 919; Garcia v. United States, 666 F.2d 960, 966 (5th Cir.) cert. denied, 459 U.S. 832 (1982); Smith, 643 F.Supp.2d at 1291; Rzayeva v. U.S., 492 F.Supp.2d 60, 72 (D.Conn. 2007); Manstream v. U.S. Dept. Of Agriculture, 649 F.Supp. 874, 883 (M.D.Ala. 1986); Sellers v. U.S.,

9

569 F.Supp. 1149, 1154 (N.D.Ga. 1983).

D. Governmental action

Plaintiff argues that he should be excused from administrative exhaustion requirements because the government has failed to follow procedures set forth in the Internal Revenue Code, such as compliance with 26 U.S.C. § 6751.[3] Plaintiff does not cite any authority which holds that alleged noncompliance with governmental laws or regulations is sufficient to satisfy the requirement of an explicit waiver of sovereign immunity. The requirement of an explicit waiver is itself so clear that the court should not imply an exception to the rule.

V. Conclusion

For the above-stated reasons, it appears to the court that plaintiff's complaint should be dismissed on the grounds of sovereign immunity/lack of jurisdiction. Since this conclusion rests to some extent upon material outside the pleadings which substantiates that plaintiff has not filed a claim for refund or other administrative claim necessary to eventually bring a judicial challenge against the United States, this matter is arguably more aptly framed as a motion for summary judgment. See Ramer v. U.S.,

---

[3] Section 6751 requires that a notice of a penalty include certain information including the section of the title under which the penalty is imposed and a computation of the penalty. Section 6751 also requires that no penalty be assessed unless the initial determination of the assessment is personally approved by the immediate supervisor of the individual making such determination or some other designated higher level official.

10

620 F.Supp.2d 90, 99-100 (D.D.C. 2009). Consequently, the court shall grant plaintiff twenty days from the date of this order to present any other material pertinent to defendant's motion. The government will be granted ten days to respond to any material presented by defendant. Then the court will make a final decision upon the government's motion to dismiss.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2011 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge