IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

GENE E. MEULI,

    Plaintiff,
vs.            **Case No. 11-1044-RDR**

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM AND ORDER

On July 6, 2011, this court issued an order addressing plaintiff's amended complaint and a motion to dismiss filed by defendant. The court stated that plaintiff appeared to be challenging the assessment and collection of a penalty by the Internal Revenue Service, but that plaintiff had failed to allege and establish the grounds for this court's jurisdiction to consider his claims. The court further commented that materials outside the pleadings indicated that plaintiff had not filed a claim for refund or other administrative claim necessary to establish jurisdiction in this court. Doc. No. 22 at p. 10. The court gave plaintiff twenty days to submit any materials which might be pertinent to defendant's motion to dismiss. Id. at pp. 10-11.

On July 21, 2011, plaintiff filed a document titled "Request to Take Judicial Notice of Plaintiff's Claim for Refund." Doc. No. 24. This document states:

> The Plaintiff has filed the IRS Form 843, Claim for Refund and Request for Abatement, as of July 9, 2011. A

>    copy of Form 843 is herein enclosed.
>         The United States has waived sovereign immunity and
>    this Court can assume subject matter jurisdiction, as the
>    Plaintiff has exhausted his administrative remedies.
>         The Defendant has until Jan. 10, 2012 in which to
>    refund Plaintiff's assessed penalty plus interest as per
>    the Claim for Refund, or prove in Court that the
>    Plaintiff's 2002 Form 1040 Federal Income Tax return is
>    frivolous.  If the Defendant fails to complete either
>    option by Jan. 10, 2012, [t]he Plaintiff ask[s] this
>    Court to grant Plaintiff's Motion for Summary Judgment.

In response, defendant contends that plaintiff cannot cure a jurisdictional defect by exhausting administrative remedies after filing his complaint.  Defendant contends that at the time plaintiff filed his original complaint, there were two jurisdictional defects:  1) plaintiff had not paid the assessed penalty; and 2) plaintiff had not filed an administrative claim for refund.  Defendant argues that, although plaintiff has paid the assessed penalty and filed a claim for refund, the court's jurisdiction must be determined on the basis of the facts as they existed when the original complaint was filed.  In addition, defendant claims that this court cannot exercise jurisdiction over plaintiff's claim because the law requires either that the IRS has denied the claim or six months has passed without an IRS response.

Six months has not passed since plaintiff filed a claim for refund and no one has argued that the IRS has denied plaintiff's claim.  Defendant's position that one of these conditions is necessary for this court's jurisdiction is supported by Tenth Circuit case authority. Mires v. U.S., 466 F.3d 1208, 1211-12 (10th

Cir. 2006). To the extent that plaintiff's pleading should be treated as a request to stay the case until the IRS has responded to his refund claim, the court shall deny the request. See <u>Midwest Crane and Rigging, Inc. v. U.S.</u>, 2010 WL 4968274 (D.Kan. 8/6/2010) (declining to stay case in the interest of orderly administration of tax refund claims).

In conclusion, for the reasons stated in this order and the court's order dated July 6, 2011, this case shall be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge